IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONYA PENA<br>433 Palm Street<br>Scranton, PA 18505<br><br>    Plaintiff,<br>v.<br><br>THE AZEK COMPANY, INC.<br>1330 W. Fulton Street, Ste. 350<br>Chicago, IL 60607<br>    and<br>SCRANTON PRODUCTS, INC.<br>801 E. Corey Street<br>Scranton, PA 18505<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>CASE NO.: _____ |

**CIVIL ACTION COMPLAINT**

Plaintiff, Sonya Pena, by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Sonya Pena (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against The Azek Company, Inc. and Scranton Products, Inc. (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) for violations of Title VII of the Civil Rights Act of 1964- 42 U.S.C. §2000e ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA")[1] Plaintiff was discriminated against because of her gender, subjected to sexual harassment and then terminated because of her gender and in retaliation for

---

[1] Plaintiff dual filed her EEOC Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff intends to amend her complaint to include claims pending before the PHRC once such claims are fully and administratively exhausted. These claims will identically mirror claims already filed herein (with no separate distinctions in allegations). This footnote is included for notice purposes only.

complaining about harassment/discrimination. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. Any state claims amended herein or included would be proper under this Court's ancillary or supplemental jurisdiction to hear state claims arising out of the same common nucleus of operative facts as those set forth in Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this District because actions underlying this case occurred in this District and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants herein as well.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult female residing in Scranton, Pennsylvania.

7. The Azek Company, Inc. ("Azek") is a manufacturer of building materials for commercial and residential markets. Azek is headquartered in Chicago, Illinois but operates a manufacturing facility (Scranton Products, Inc.) in Scranton, Pennsylvania.

2

8. Scranton Products, Inc. ("SP") is a manufacturing facility which manufactures plastic products.

9. Defendants should be considered Plaintiff's single, joint and/or integrated employer because they operate as a single, integrated and/or joint entity and jointly controlled the terms and conditions of Plaintiff's employment. For example:

(a) Defendant SP paid Plaintiff, appeared on her pay stubs and W-2s and thus, controlled the terms and conditions of Plaintiff's employment;

(b) Agents of Defendant SP also supervised Plaintiff's day-to-day activities and had authority to hire, fire and discipline her;

(c) Defendant Azek provided human resources oversight over Plaintiff; Plaintiff was provided policies and procedures by Azek and was required to follow same;

(d) Upon information and belief, Azek and SP share employees and have overlapping policies/procedures, human resources and other business operations;

(e) Azek manages and oversees SP's manufacturing facility, including its employees.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

11. Plaintiff exhausted her administrative remedies regarding her Title VII claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing this Complaint within 90 days of receiving a right-to-sue letter.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 45-year-old female.

14. Plaintiff was hired by Defendants on or about December 13, 2019.

3

15. Plaintiff worked at Defendants' manufacturing facility in Scranton, PA.

16. Plaintiff was initially hired as a full-time laborer, performing work on various machinery.

17. Plaintiff was qualified for this job because she has the requisite skill and experience to perform it.

18. Plaintiff performed this job well and was not issued any progressive discipline.

19. Plaintiff was primarily managed by Jeffrey Bower, Defendants' Plant Manager.

20. During Plaintiff's employment with Defendants, she was subjected to derogatory and unwelcomed mistreatment based on her gender.

21. From 2019 to 2021, Plaintiff was also subjected to disgusting and offensive sexual comments and conduct by Defendants.

22. For example, but not intended to be an exhaustive list:

(a) Defendants' agents consistently stared at Plaintiff, including at her breasts and buttocks;

(b) Defendants' agents repeatedly made inappropriate comments about male anatomy, including making comments about penis size, asking Plaintiff whether she likes "big or small wieners," and whether she likes to get "squirted in the face" by a wiener.

(c) Defendants' agents also grabbed Plaintiff's buttocks, arms and shoulders and made inappropriate remarks to Plaintiff while doing so (including but not limited to saying things like, "come on, let's go to the office and have a good time");

(d) Defendants' agents asked Plaintiff out on dates;

(e) Defendants' management spoke to and interacted with Plaintiff in a rude and demeaning manner compared to her male colleagues;

(f) In or about March 2021, Defendants passed Plaintiff over for a promotion, despite that she applied for the position and was qualified, in favor of a male applicant;

(g) In 2021, Plaintiff's overtime hours were reduced, immediately after she made additional complaints about being sexually harassed in the workplace.

23. These offensive comments were made to Plaintiff on a weekly basis in approximately 2020 and 2021.

24. Plaintiff was offended and uncomfortable by this conduct.

25. Plaintiff complained to Mr. Bower and Defendants' Human Resources Department ("HR") on multiple occasions in 2019, 2020 and 2021 about this harassment, including specifically telling them that she felt she was being sexually harassed and treated completely inappropriately.

26. Plaintiff also complained to several team leads/supervisors about the harassment and discrimination.

27. In response, Plaintiff was told that "men are pigs" and that they would "look into" her complaints.

28. However, to Plaintiff's knowledge, Defendants never conducted any meaningful investigation and did not take any steps to remedy or stop the discrimination/harassment.

29. As a result of Defendants' failure to investigate or stop the harassment, it continued up until Plaintiff's termination in August 2021.

30. In the Spring and Summer of 2021, Plaintiff continued to express complaints of sexual harassment and discrimination to Mr. Bower and HR.

31. Defendants failed to investigate Plaintiff's additional complaints and did not take any disciplinary actions against the male employees who engaged in the harassment/discrimination against Plaintiff.

32. In or about mid-August 2021, a few days prior to Plaintiff's termination, she again made verbal complaints to Mr. Bower and HR about gender-related mistreatment and harassment.

33. On or about August 17, 2021, a few days after her final complaint of discrimination/harassment, Plaintiff was terminated.

34. Plaintiff was told that she was being terminated for allegedly "causing problems" in the workplace, which is totally untrue.

35. The main issues Plaintiff expressed concerns about were Defendants' inappropriate and offensive gender-related harassment of her.

36. Based on the derogatory comments and treatment to which Plaintiff was subjected, and the disparate manner in which Defendants treated her, she asserts that she was subjected to a hostile work environment and then terminated because of her gender and in retaliation for her repeated complaints of harassment and discrimination.

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964**
**(Sexual Harrasment (Hostile Work Environment); Gender Discrimination (Hostile Work Environment and Wrongful Termination); and Retaliation)**
**- Against Defendants -**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff is a female.

39. Plaintiff was qualified for her position.

40. Plaintiff was subjected to repeated and continuous derogatory and demeaning sexual and gender-related comments and treatment.

41. This treatment occurred with regularity and involved degrading, demeaning and offensive conduct.

42. Plaintiff complained to Defendants' management about the gender-related discrimination/harassment.

43. Defendants failed to appropriately investigate and remedy the discrimination.

44. Plaintiff suffered an adverse employment action when she was terminated by Defendants.

45. Plaintiff was subjected to a hostile work environment and then terminated because of her gender and in retaliation for her complaints of discrimination/harassment.

46. These actions constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E. Plaintiff is to receive a trial by jury as requested in the caption of this Complaint.

7

                    Respectfully submitted,

                    **KARPF, KARPF & CERUTTI, P.C.**

By: _____
                    Ari R. Karpf, Esq.
                    Jeremy M. Cerutti, Esq.
                    3331 Street Road
                    Two Greenwood Square
                    Suite 128
                    Bensalem, PA 19020
                    (215) 639-0801

Dated: November 19, 2021